IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80424-CIV-DIMITROULEAS/SNOW

LIFE RECEIVABLES EUROTRUST, )
)
    Plaintiff, )
)
vs. )
)
WEST COAST LIFE INSURANCE )
COMPANY, )
)
    Defendant. )
_____ )

## AGREED UPON PROTECTIVE ORDER

  The following Protective Order is entered to adequately protect material entitled to be kept confidential, expedite the flow of discovery, and facilitate the prompt resolution of disputes over confidentiality. It is **HEREBY ORDERED** that:

  Certain materials, information, documents or testimony ("Discovery Materials") produced or given by the parties in the course of pre-trial discovery or used or produced at trial in this action contain or refer to "Confidential Information." Accordingly, the following provisions shall govern disclosure and use of all such Discovery Materials containing "Confidential Information" in this litigation.

  1.  This Order establishes a procedure for use and/or disclosure of Confidential Information, as defined herein, to the parties in this litigation; imposes obligations on persons receiving such Confidential Information; guards against unauthorized use of disclosure of such Confidential Information; and establishes a procedure for challenging confidentiality designations. This Order only applies to information furnished by parties and non-parties that is

not otherwise publicly available, except that the foregoing shall apply to any document that is in the public domain as a result of a violation of any duty, law or agreement.

2. As used herein, "document" means any portion of a transcript of deposition or other proceeding, exhibit, affidavit, declaration, answers to interrogatories, responses to requests for admissions or production, data (including electronic data) and any other material (and their contents) produced through discovery by the parties.

3. As used herein, "Confidential Information" may be found in, but not limited to, all or any of the following specifically designated "Confidential" Documents and the content thereof: (a) documents, deposition or testimony, response to written discovery, and any other information or material produced or otherwise made available to the parties in this action; (b) copies, extracts, reports, studies, notes, complete or partial summaries and other documents or materials made or prepared from Confidential Information except that it shall exclude attorney work product; and (c) transcripts, exhibits and other pleadings or writings that summarize or otherwise disclose Confidential Information.

4. This Order covers documents and/or information or materials designated by the disclosing party or non-party (hereinafter "Source") as containing or consisting of Confidential Information. Any Source may in good faith designate any such materials or portions thereof as being subject to the provisions of this Order by means of a stamp or other designation on the documents of the word "Confidential." Such designation shall be limited to information or materials that the Source in good faith believes to constitute a trade secret, proprietary business information, private personnel information and/or data, and/or any information that implicates or may implicate the privacy rights of the Source and/or of a third party, and that is not otherwise within the public domain as described in paragraph 1.

5.      In designating materials, documents or portions thereof as confidential, the Sources shall mark every page and/or significant component, which contains Confidential Information with the appropriate "Confidential" stamp. Notwithstanding the foregoing sentence, a cover letter may be used to designate certain materials, such as computer data, where stamping would be impractical or impossible. Transcripts of deposition or other testimony shall be designated by reference to the page and lines being designated. Designation shall be made at the time such materials are produced or given, except that: (a) in the case of testimony upon deposition or hearing, such designations shall be made within thirty (30) days of the deposition or hearing; and, (b) a reasonable extension of any applicable time period hereunder may be agreed to in writing among counsel for the respective parties. To permit the parties to consider the confidentiality of such testimony, the parties shall treat all such testimony as confidential until such time as the aforementioned designation periods expire without any designation of confidentiality having been made. Designations may be withdrawn by the Source at any time.

6.      Unless otherwise ordered by the Court, any document or material designated by any source as containing Confidential Information shall (1) shall not be used by any non-designating party for any purpose other than to advance the prosecution or defenses of this case and (2) shall be safeguarded and shall not be disclosed by any non-designating party, except, subject to the provisions of this Order, to:

a.      counsel of record for the party to whom such documents or materials are produced or given, including co-counsel of record and the legal associates, paralegals, clerical or other support staff or services of such counsel or co-counsel assigned to assist such counsel in the preparation of this litigation;

b.      the parties, including their agents and employees;

  c. the Court, including any court personnel, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury, provided that any Confidential Information submitted or filed with the Court shall be filed under L.R. 5.4 governing this action, subject to release or inspection by order of the Court or consent of the party claiming confidentiality;

  d. any court reporter (including audio and video) involved in this action;

  e. independent experts or consultants who have been consulted or retained by counsel in this action to furnish technical or expert services or to give technical or expert testimony in the trial of this action, provided that such expert or consultant has read a copy of this Order and agrees to be bound by its terms;

  f. copying, imaging, computer services and/or litigation support services provided that all Confidential Information and/or documents, including copies thereof whether in hard copy or electronic form, are retrieved by the furnishing party upon completion of any such copying, imaging and computer services;

  g. special masters;

  h. the direct staff of persons designated in paragraphs 6(d), (e), (f), and (g), subject to any conditions enumerated therein;

  i. any witness who is giving testimony at trial or deposition in this matter, provided that such expert or consultant has been provided a copy of this Order and agrees to be bound by its terms.

  7. Nothing in this Order shall prevent any party from producing any document or information in his, her or its possession in response to a lawful subpoena or other compulsory process, provided that written notice shall be given to all other parties at least ten (10) business

4

days prior to the return date of the subpoena or, if the return date is less than ten (10) business days, written notice shall be given as promptly as possible, prior to the date of compliance for the subpoena or other compulsory process seeking discovery of the designated materials.

8. Subject to the terms of this Order, any party may utilize Confidential Information in the course of a deposition provided that, prior to his or her examination, the witness is furnished with a copy of this Order and has read and agrees to be bound by its terms. If a non-party refuses to agree to the undertakings of this Order, disclosure of such information to the witness during the deposition shall not be a waiver of confidentiality and shall not prevent examination of the witness on documents or other information containing Confidential Information. Such witness shall not be allowed to retain copies of either the Confidential Information or any portions of their deposition transcript containing Confidential Information. If disclosure of Confidential Information is opposed, nothing in this paragraph shall preclude a party from continuing the deposition until the matter can be raised before and ruled upon by the Court.

9. If documents or materials containing Confidential Information are inadvertently or mistakenly disclosed, without the confidential designation provided for in this Order, the Source may request the return of such documents or materials within ten (10) business days after the discovery of their inadvertent or mistaken disclosure to allow the designation of the documents or materials as Confidential Information consistent with the provisions of this Order. If the receiving party fails to return such documents or materials, the Source may move the Court for an Order compelling the return. A Source that elects to initiate a challenge to a receiving party's failure to return such documents or materials must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not

sufficient) with counsel for the receiving party. In conferring, the Source must explain the basis for its belief that the absence of a confidentiality designation was not proper and must give the receiving party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in position is offered, to explain the basis for that position. A Source may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

10. If Confidential Information is made an exhibit to or the subject of examination during a deposition or hearing, or is incorporated into a pleading or other writing filed with the Court, arrangements shall be made (a) to bind separately said exhibits, as well as confidential portions of the transcript or pleading and (b) to place them in a sealed envelope appropriately marked.

11. Nothing in this Order shall prevent either party from using documents designated as "Confidential," or from referring to reciting any information contained in such materials in connection with any hearing, motion, brief, or other proceeding in this action, provided the relevant portions of the pleadings or other paper in which the Confidential Information is embodied shall be filed and maintained under seal by the Clerk of the Court until further order of the Court, and shall not be available for public inspection. The party making the filing shall comply with L.R. 5.4 governing this action.

12. Neither the provisions of this Order nor the filing of any material under seal, shall prevent the use in open court, at any hearing or at any trial of this case, of any material that is subject to this Order or filed under seal pursuant to the provisions herein. Any Court hearing which refers to or describes Confidential Information, shall, in the Court's discretion, be held in

camera. Any party desiring that hearings or any portion thereof be conducted in camera, may make a separate motion therefore.

13. The use of Confidential Information at trial shall be addressed in the final pretrial order.

14. This Order may be amended by written agreement between counsel for the parties, subject to the approval of the Court, or may be modified by motion to the Court.

15. Nothing herein shall prevent a receiving party from challenging any designation of a document or material as "Confidential." The receiving party shall serve written notice to the Source requesting withdrawal of the designation. The Source who designated the material shall have seven (7) business days from the date on which the request was made to respond. If the Source refuses to withdraw the designation or fails to respond to the request within that time, the receiving party may apply to the Court for an order declaring that the document or material is not appropriately designated confidential. The burden of proof on any such application shall be consistent with the protection of Confidential Information under the applicable federal or state law. Notwithstanding a challenge or application to the court pursuant to this paragraph, all documents or materials designated as "Confidential" shall be subject to the Order until the Source withdraws the designation or until the Court determines that the document or material is not appropriately designated as Confidential.

16. Within ninety (90) days after the final determination of this action (i.e. after all appellate rights have been exhausted), all documents designated "Confidential" and all copies thereof shall upon request be returned to counsel for the Source who initially produced such documents or materials (unless previously permanently discarded, in which case counsel for the receiving party shall certify in writing to the counsel for the Source that such materials have been

permanently discarded), provided that copies may be kept by counsel of any pleading, brief or document submitted to the Court, deposition and/or trial transcripts and exhibits thereto and correspondence all of which are subject to this Order.

17. This Order shall be without prejudice to the right of any party to oppose production of any information or to demand more stringent restrictions than are provided herein on the grounds that such documents or materials contain particularly sensitive information or to object to its admissibility into evidence by reason of lack of timeliness or relevance, assertion of privilege, undue burden or any other lawful ground.

18. This Order shall survive the termination of this litigation. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Order and to make such amendments and modifications to this Order as may be appropriate.

DONE AND ORDERED in Chambers in Fort Lauderdale, Florida, this 28 day of September, 2009.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

See Attached Service List

**SERVICE LIST**
*Life Receivables Eurotrust v. West Coast Life Insurance Company*
**Case No. 09-80424-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**

Elizabeth J. Campbell (ecampbell@lockelord.com)
J. David Hopkins (dhopkins@lockelord.com)
Locke Lord Bissell & Liddell LLP
The Proscenium, Suite 1900
1170 Peachtree Street
Atlanta, Georgia 30309
(404) 870-4600; Fax: (404) 872-5547
***Attorneys for Plaintiff***

Scott J. Link (slink@alslaw.com)
David P. Ackerman (dackerman@alslaw.com)
Glory P. Ross (gross@alslaw.com)
Ackerman, Link & Sartory, P.A.
222 Lakeview Avenue, Suite 1250
West Palm Beach, FL 33401
(561) 838-4100; Fax: (561) 838-5305
***Attorneys for Defendant***

Katharine A. Weber (kweber@maynardcooper.com)
Maibeth J. Porter (mporter@maynardcooper.com)
Maynard Cooper & Gale, PC
1901 Sixth Avenue N., Suite 2400
Birmingham, AL 35203
(205) 254-1000; Fax: (205) 254-1999
***Defendant's Pro Hac Vice Counsel***